IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

**DINO MARCELLUS GILES,**

  Petitioner,

v.           CIVIL ACTION NO. 1:04CV65
             (Judge Keeley)

**UNITED STATES OF AMERICA, Warden,**

  Respondent.

## MEMORANDUM OPINION AND ORDER

<u>Pro se</u> petitioner Dino Marcellus Giles, an inmate at FCI-Morgantown, brings this petition requesting that the Court vacate his sentence and re-sentence him pursuant to 28 U.S.C. § 2241.

Magistrate Judge John S. Kaull filed a Report and Recommendation granting Giles's request to file supplemental briefing and recommending that his petition be denied and dismissed with prejudice because it is improperly filed. Subsequently, Giles objected to the Magistrate's findings.

For the following reasons, this Court **AFFIRMS** the Magistrate's recommendation and **DISMISSES WITH PREJUDICE** Giles's petition.

### I. INTRODUCTION

On May 12, 1995, Giles was sentenced to 240 months of imprisonment in the District of Maryland for conspiracy to distribute and possess with the intent to distribute cocaine, distribution of cocaine base, and possession with the intent to distribute heroin.

### MEMORANDUM OPINION AND ORDER

Subsequently, attempting to have his sentence vacated, he unsuccessfully filed a direct appeal, a motion pursuant to 28 U.S.C. § 2255, a motion to file a second or successive § 2255 motion and a motion pursuant to 28 U.S.C. § 2241. He now brings a § 2241 petition in this Court, alleging to have newly discovered evidence, i.e., lab reports that allegedly reveal that he distributed powder cocaine, not crack cocaine. He argues that his inability to file a second or successive § 2255 motion, and the Supreme Court's decisions in <u>United States v. Booker</u>, 125 S. Ct. 738 (2005), and <u>Blakely v. Washington</u>, 124 S. Ct. 2531 (2004), entitle him to § 2241 relief. These arguments are without merit.

### II. LEGAL ANALYSIS AND DISCUSSION

A federal prisoner may not file a petition under 28 U.S.C. § 2241 unless 28 U.S.C. § 2255 is "inadequate or ineffective to test the legality of his detention." 28 U.S.C. §2255; <u>In re Vial</u>, 115 F. 3d 1192, 1194 (4th Cir. 1997). Section 2255 is only considered "inadequate and ineffective" when:

> (1) at the time of the conviction, settled law of this circuit or the Supreme Court established the legality of the conviction; (2) subsequent to the prisoner's direct appeal and first §2255 motion, the substantive law changed such that the conduct of which the prisoner was convicted is deemed not to be criminal; and (3) the prisoner cannot satisfy

> the gate-keeping provisions of §2255 because the new rule is not one of constitutional law.

In re Jones, 226 F.3d 328, 333-34 (4th Cir. 2000) (emphasis added). The inability to bring a second or successive § 2255 motion, however, does not render § 2255 "inadequate or ineffective." See In re Vial, 115 F. 3d at 1194 n.5 (§ 2255 is not ineffective "because an individual is procedurally barred from filing a § 2255 motion"). Moreover, Booker and Blakely, cases that address rules of constitutional law, do not support Giles's § 2241 petition because the allegations he raises concerning "newly discovered evidence" do not challenge the legality or criminality of the charges against him. Accordingly, this Court cannot entertain Giles's § 2241 petition.

### III. CONCLUSION

Because Giles has not demonstrated that § 2255 is an inadequate or ineffective remedy, the Court **AFFIRMS** Magistrate Kaull's findings and **DISMISSES WITH PREJUDICE** Giles's § 2241 petition as improperly filed.

All other motions are **DENIED AS MOOT** in light of the Court's ruling.

It is so **ORDERED**.

## MEMORANDUM OPINION AND ORDER

The Clerk is directed to mail a certified copy of this Order to the petitioner, to counsel of record, and to Magistrate Judge Kaull.

Dated: April __28__, 2005.

_____
IRENE M. KEELEY
UNITED STATES DISTRICT JUDGE